UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE HUMBERT #272728

        Plaintiff,                        CASE NO. 03-73204

vs.                                       HON. DENISE PAGE HOOD
                                            U.S. DISTRICT JUDGE

AARON COBB, *et al.*,             HON. R. STEVEN WHALEN
                                            U.S. MAGISTRATE JUDGE
        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before this Court is a *Motion to Tax Costs,* filed on April 4, 2005 by all defendants (docket #30) which has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend GRANTING Defendants' motion for costs in the amount of Thirty-nine Dollars and eighty cents ($39.80).

Plaintiff, an inmate in the custody of Michigan Department of Corrections (MDOC) at Marquette Branch Prison in Marquette, Michigan, filed a Complaint against Defendants on August 26, 2003 in their individual and official capacities, pursuant to 42 U.S.C. § 1983, seeking monetary damages for the alleged violation of his constitutional rights. On March 23, 2005, the District Judge, adopting this Court's Report and Recommendation, dismissed all of Plaintiff claims (Docket #28, 29).

On April 4, 2005, Defendants filed the present motion, requesting taxable costs in the

amount of Nineteen Dollars and eighty cents ($19.80) and nominal attorneys fees, pursuant to 28 U.S.C. § 1923, in the amount of Twenty Dollars ($20.00).  On April 13, 2005, Plaintiff filed a response (docket # 31), stating that he agreed "that funds should be taken from his account in the amount of $39.80."  Fed. R. of Civ. P.  54(d)(1)  provides in pertinent part, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."   Further, the court may tax as costs for court reporting, exemplification, and copying under 28 U.S.C. § 1920.  "It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *White & White, Inc. v. American Hospital Supply Corp.,* 746 F.2d 728, 731 (6th Cir. 1986).   The language of Fed. R. Civ. P. 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."  *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001).

*Singleton* identified several factors a losing party may assert to overcome the presumption favoring taxation of costs, including "good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id*.  Although the court found that the winning party's ability to pay its own costs was irrelevant,  the indigency of the losing party might be used in favor of denying costs.

In the present case, although Plaintiff filed his complaint *in forma pauperis*, as stated above, on April 13, 2005 he filed a response to Defendants' motion, agreeing to the assessment of taxable costs.  Since Plaintiff stated affirmatively that he did not object to the

proposed assessment, and the costs presented by Defendants appear reasonable, the Court will grant Defendants' motion, taxing costs and nominal attorneys' fees for the full amount requested.

## CONCLUSION

For the reasons above, I recommend GRANTING Defendants' motion for costs in the amount of Thirty-nine Dollars and eighty cents ($39.80). Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); and *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 6, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 6, 2006.

                                                S/Gina Wilson
                                                Judicial Assistant